

**SO ORDERED.**

**SIGNED this 2nd day of November, 2016.**

_Lena Mansori James_
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

### UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Joseph Edward Zering, | ) | Case No. 15-81208 |
| | ) | |
| _____ Debtor. | ) | |
| Kelli Ferguson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 16-9003 |
| | ) | |
| Joseph Edward Zering, | ) | |
| | ) | |
| _____ Defendant. | ) | |

### <u>MEMORANDUM OPINION</u>

THIS MATTER came before the court for hearing on August 25, 2016, after due and proper notice, upon the verified Motion to Set Aside Entry of Default and Default Judgment ("Motion") filed by defendant Joseph Edward Zering ("Debtor"). The Plaintiff did not file an objection or response to the Motion. Samantha Brumbaugh appeared on behalf of the Debtor and John Sperati appeared on behalf of the plaintiff,

1

Kelli Ferguson ("Plaintiff").  Having considered the Motion, the record in this case and the arguments from counsel, for the reasons stated below, the court will grant the Motion.

## I.   BACKGROUND

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on November 3, 2015.  On the petition, the Debtor listed his residence as 250 Sugar Gum Lane, Apt. #252, Pinehurst, North Carolina, 28374 ("250 Sugar Gum Lane Property"), and he listed his mailing address as P.O. Box 4120, Pinehurst, North Carolina, 28374 ("Post Office Box").  There is no United States postal service available at the 250 Sugar Gum Lane Property.  On Schedule A, the Debtor listed the 250 Sugar Gum Lane property as well as real property located at 18 Sunset Hill Road in Brookfield, Connecticut ("Connecticut Property").  The Debtor's Statement of Financial Affairs indicated that he vacated the Connecticut Property in November 2014.  Also, the Debtor indicated his intent to surrender the Connecticut Property on his Statement of Intent, and the court entered an order granting relief from stay regarding the property on January 4, 2016.  In January 2016, the Debtor notified his prior attorney, Michael McCrann, that he would be located in Massachusetts caring for his ailing mother. Mr. McCrann notified the Bankruptcy Administrator of the Debtor's change in location, but Mr. McCrann did not file a notice of change address on the docket.

The Plaintiff filed a complaint commencing the above-captioned adversary proceeding on February 2, 2016 ("Complaint"). In the Complaint, the Plaintiff asserts claims objecting to dischargeability of debt under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4), incorporating a complaint from a state court proceeding commenced by the Plaintiff in the Superior Court, Judicial District of Danbury, Connecticut as an exhibit. In the state court complaint, the Plaintiff asserted claims arising from a failed business relationship against multiple defendants, including the Debtor: (1) breach of contract and covenant of good faith and fair dealing, (2) promissory estoppel, (3) failure to pay wages in violation of Conn. Gen. Stat. § 31-72, (4) violation of Conn. Gen. Stat. § 42–110a et seq. Connecticut Unfair and Deceptive Trade Practices Act, (5) breach of fiduciary duty, (6) unjust enrichment, (7) breach of personal guarantees, and (8) constructive trust. Docket No. 1, Exhibit A. The Complaint also incorporates a default judgment awarding compensatory damages for amounts due on claims in the amount of $192,507.75, prejudgment interest of $33,688.86, punitive damages pursuant to Conn. Gen. Stat. § 42–110g(a) of $92,363.86, attorney fees as additional punitive damages of $31,561.25, and costs of $1,457.42 for a total judgment amount of $351,579.14.

On February 17, 2016, the Plaintiff filed a certificate of service certifying that service of the summons and Complaint was made on the Debtor by first class United States mail addressed to the Post Office Box. On April 6, 2016, the Plaintiff filed a motion for entry of default as to the Debtor due to his failure to answer or otherwise

respond.  The clerk did not enter default, and on April 13, 2016 the Plaintiff requested reissuance of the summons in order to serve the Debtor at the physical address for the 250 Sugar Gum Lane Property (Docket No. 7).  The clerk reissued a summons, and on April 25, 2016, the Plaintiff filed a certificate of service certifying that service of the Complaint and reissued summons was made on the Debtor by first class United States mail addressed to both the 250 Sugar Gum Lane Property and the Connecticut Property. On June 3, 2016, the Plaintiff filed another request for entry of default.  The clerk entered default on June 15, 2016, and the court entered a default judgment on June 21, 2016.

The Debtor now requests that the court set aside both the entry of default and default judgment, asserting that lack of proper service of the Complaint, initial summons, and reissued summons constitutes good cause.

## II.    LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 7055, incorporating Federal Rule of Civil Procedure 55 by reference, provides that once a default judgment has been entered, the court may set aside the entry of default for good cause and may set aside the default judgment under Federal Rule of Civil Procedure 60(b), incorporated by reference by Federal Rule of Bankruptcy Procedure 9024.  Whether a default judgment should be set aside is in the court's discretion.  *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011).

4

Where a default judgment is at issue, the Fourth Circuit takes a more liberal view of

Rule 60(b). *Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.*, 843 F.2d 808, 811

(4th Cir.1988). Courts encourage disposition of matters on the merits. *Heyman v. M.L.*

*Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997); *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

"Any doubts about whether relief should be granted should be resolved in favor of

setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*,

411 F.2d 123, 130 (4th Cir. 1969).

### III.    RULE 60(B) THRESHOLD FACTORS

To succeed under Rule 60(b), the movant must show that (1) the motion is timely,

(2) the movant has a meritorious defense, and (3) the opposing party will not be

unfairly prejudiced. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987);

*Nat'l Credit Union Admin. Bd. v. Gra*y, 1 F.3d 262, 264 (4th Cir. 1993). After meeting these

three threshold requirements, the movant must then satisfy one of the six grounds for

relief enumerated in Rule 60(b).

#### A. TIMELINESS

Turning to the first of the three threshold requirements, Rule 60(c) provides that

a motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no

more than a year after the entry of the judgment or order or the date of the proceeding."

Here, the court entered the default judgment on June 21, 2016. The Debtor filed his

Motion under Rule 60(b) less than six weeks later on July 29, 2016.  After a review of the record and the particular circumstances presented here, including that the Complaint, summons, and reissued summons were not mailed to an address at which the Debtor received mail, the court finds that the Motion is timely for the purposes of Rule 60(b).

## B.  MERITORIOUS DEFENSE

As to the second requirement, the movant must show a meritorious defense.  "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim."  *Augusta*, 843 F.2d at 812.

Default judgment was entered against the Debtor on two counts, 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4).  Pursuant to § 523(a)(2)(A):

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
> . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

Thus, to establish nondischargeability pursuant to §523(a)(2)(A), a plaintiff must prove:

> (1) the debtor made a representation; (2) at the time the representation was made, the debtor knew the representation was false; (3) the debtor made the false representation with the intention of deceiving the creditor; (4) the creditor relied on such representation; and (5) the creditor sustained the alleged loss and damage as the proximate result of the false representation.

6

*Winston-Salem City Employees' Federal Credit Union v. Casper (In re Casper)*, 466 B.R. 786, 793 (Bankr. M.D.N.C. 2012) (Aron, J.); *see Nunnery v. Roundtree (In re Rountree)*, 478 F.3d 215, 218 (4th Cir. 2007). Further, pursuant to § 523(a)(4), a § 727 discharge does not discharge a debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

In defense of these claims, the Debtor asserts that the Complaint is subject to dismissal for (1) failure to state a claim pursuant to FRCP 12(b)(6); (2) failure to plead with specificity the elements of fraud, reasonable reliance, and that the Plaintiff independently investigated and conducted due diligence as it relates to the statements made by the Debtor pursuant to FRCP 9; (3) being based on conclusory statements, subject to dismissal pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and (4) failure to meet the elements of § 523(a)(2)(A) and (a)(4) on its face, as the Complaint appears to involve a dischargeable debt owed to a disgruntled creditor.

At the hearing, counsel for the Plaintiff argued that the Debtor's potential defenses are technical, rather than on the merits, thus preventing the Debtor from satisfying this second element of Rule 60(b). However, counsel's assertions are inapposite, as meritorious defenses for the purposes of Rule 60(b) are not only limited to whether a party might defeat a case on its merits after a full trial, but also include defenses that would permit a finding for the defaulting party. *Augusta*, 843 F.2d at 812.

7

The Plaintiff also argues that *res judicata* precludes the Debtor from litigating the claims on the merits.  Thus, satisfying the second threshold factor turns on whether the Debtor may raise any defense to the Plaintiff's claims that would have altered the outcome of the litigation, on the merits or otherwise.

### 1.   12(b)(6) claim sufficiency and pleading requirements

Taking the Debtor's alleged claim sufficiency defenses together, to say that a complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) is to say that it is subject to dismissal pursuant to *Iqbal* and *Twombly*.  A Rule 12(b)(6) motion is a defense to a claim for relief and provides for dismissal where a party has failed "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  The facts alleged must be sufficient "to raise a right to relief above the speculative level" and state a claim "that is plausible on its face."  *Twombly,* 550 U.S. at 555.  When considering a motion to dismiss, the court must take all well-pleaded factual allegations as true. *Iqbal,* 556 U.S. at 678.  Plaintiffs may proceed into the litigation process only when their complaints are "justified by both law and fact."  *Francis v. Giacomelli,* 588 F.3d 186, 192–93 (4th Cir.2009).

To determine plausibility, all facts set forth in the Complaint are taken as true. However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" will not constitute well-pled facts necessary to

withstand a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumerafffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Here, the default judgment is based on two claims brought by the Plaintiff, one pursuant to § 523(a)(2)(A) and the other pursuant to § 523(a)(4).

With regard to the sufficiency of the Plaintiff's first claim pursuant to § 523(a)(2)(A), there is a split as to whether heightened pleading is required. Rule 9(b), incorporated by reference via Bankruptcy Rule 7009, states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Section 523(a)(2)(A) includes three alternate grounds on which a creditor can oppose dischargeability, namely false pretenses, false representation, or actual fraud; whether heightened pleading is required pursuant to Rule 9(b) for any of the three grounds, or whether Rule 9(b) heightened pleading is only required when alleging actual fraud, is an unsettled question of law in the Fourth Circuit. *Compare Dark v. Thomas (In re Thomas)*, No. 10-80835C-7D, Adv. No. 10-9071, 2011 WL 65882, *2 (Bankr. M.D.N.C. Jan. 10, 2011) (Stocks, J.) (finding that allegations fall far short of meeting the heightened pleading requirements for § 523(a)(2)(A) based on alleged fraud), *with Bennett v. Smith (In re Smith)*, Case No. 05-10041, Adv. No. 05-2079, 2006 WL 3333801, *5 (Bankr. M.D.N.C. Nov. 16, 2006) (Waldrep, J.) (determining that as the non-fraud alternate grounds were sufficiently pled pursuant to Rule 8, heightened pleading pursuant to Rule 9(b) was not necessary to state a claim pursuant to Rule 12(b)(6)). *See*

*also Fields v. Kimmel (In re Kimmel)*, Case No. 14-00247-5-RDD, Adv. No. 14-00006-5-RDD, 2014 WL 5764491, *2 (Bankr. E.D.N.C. Nov. 4, 2014) (determining that plaintiffs must show alleged fraud as a requirement of § 523(a)(2)(A), and that heightened pleading therefore applies); *McGinnis v. Fatone (In re Fatone)*, Case No. 13-00081-8-RDD, Adv. No. 13-00085-8-RDD, 2013 WL 5798999, *2 (Bankr. E.D.N.C. Oct. 25, 2013) (stating that a false contractual promise alone is insufficient to support a § 523(a)(2)(A) claim, and that heightened pleading is required); *USAA Federal Savings Bank v. Stalsitz (In re Stalsitz)*, Case No. 12-07973-8-ATS, Adv. No. 13-00020-8-ATS, 2013 WL 5426005, *2 (Bankr. E.D.N.C. Sept. 27, 2013) (linking claims brought pursuant to § 523(a)(2)(A) with the heightened pleading requirement pursuant to Rule 9(b)); *Flintlock v. Stephenson (In re Stephenson)*, Case No. 12-00357-8-JRL, Adv. No. 12-00228-8-JRL, 2013 WL 593900, *5 (Bankr. E.D.N.C. Feb. 15, 2013) (finding that the plaintiff properly alleged fraud pursuant to Rule 9(b) in setting forth a § 523(a)(2) claim); *Parkvale Bank v. LaPosta (In re LaPosta)*, Case No. 08-1966, Adv. No. 09-32, 2010 WL 3447660, *2 (Bankr. N.D.W. Va. Aug. 30, 2010) (setting forth the required elements of fraud a plaintiff must plead pursuant to Rule 9(b) with regards to § 523(a)(2)(A) and (a)(4)); *Household Credit Services Inc. v. Herring (In re Herring),* 191 B.R. 317, 320 (Bankr. E.D.N.C. 1995) (requiring that allegations for a § 523(a)(2)(A) complaint based on actual fraud must be more specific than a mere assertion that the debtor did not have the ability or intention to repay) *abrogated on other grounds by First Card Services, Inc. v. Koop (In re Koop),* 212 B.R. 106

(Bankr. E.D.N.C 1997). *But see Drennan v. Hunnicutt (In re Hunnicutt)*, 466 B.R. 797, 799–800 (Bankr. D.S.C. 2011) (evaluating a §523(a)(2)(A) claim for its sufficiency according to standard pleading requirements); *Legrande Hospitality, LLD v. Peel (In re Peel)*, Case No. 09-04770-8-SWH, Adv. No. H-09-00167-8-AP, 2010 WL 2775057, *2 (Bankr. E.D.N.C. July 13, 2010) (requiring only the circumstances constituting fraud to be pled with particularity, while all else may be pled generally).

Further, even if Rule 9(b) were inapplicable to pleading under § 523(a)(2)(A), the Debtor's argument that the Plaintiff's first claim fails to allege facts necessary to substantiate false pretenses, false representation, or actual fraud is of sufficient merit to satisfy the threshold requirement of Rule 60(b). *See Strum v. Exxon Co.*, 15 F.3d 327, 331 (4th Cir. 1994) ("Because Strum has done nothing more than assert that Exxon never intended to honor its obligations under the March agreement, the district court's dismissal of the first cause of action was entirely appropriate."); *In re Herring*, 191 B.R. at 319–20 (Bankr. E.D.N.C. 1995) ("A complaint that seeks a determination that a debt is nondischargeable under § 523(a)(2) need not be elaborate, but if it is based on "actual fraud," the allegations must be more specific than the mere assertion that the debtor did not have the intention to pay. Furthermore, false pretenses and false representations must be supported by more than a bare allegation that the debtor did not have the ability to pay and a general statement that the debtor did not intend to pay."). *See also In re Fatone*, 2013 WL 5798999 at *2–3 (finding that the plaintiff's allegations of the

debtor's fraudulent conduct based on engaging in negotiations and signing a contract one month prior to filing for bankruptcy, thus amounting to having no intent to pay, were insufficient to meet pleading requirements for fraud under § 523(a)(2)(A), in addition to failing to sufficiently allege reliance).

With regard to sufficiency under *Twombly* and *Iqbal* for the Plaintiff's second claim pursuant to § 523(a)(4), the Plaintiff's claim pleads either fraud or defalcation while acting in a fiduciary capacity, and is unclear as to the grounds on which the claim rests.  As to the first element, the Plaintiff does not allege fraud pursuant to Rule 9(b), which requires "particularity" in pleading "the circumstances constituting fraud or mistake," as insofar as the Plaintiff fails to plead with sufficient particularity as to her first claim, so too here does the Plaintiff fail to allege fraud with sufficient particularity. However, even were the Plaintiff to be alleging defalcation, the Plaintiff must sufficiently allege a fiduciary duty owed to the Plaintiff by the Debtor.  *See NC & VA Warranty Co., Inc. v. Fidelity Bank (In re NC & VA Warranty Co., Inc.)*, 554 B.R. 110, 125 (Bankr. M.D.N.C. 2016) (Kahn, J.) (stating that alleging the mere existence of a contractual relationship is not satisfactory in meeting pleading requirements for fiduciary duty).  After review of the Complaint, the court finds that the Debtor sufficiently raises a meritorious defense, namely, that the Plaintiff may have insufficiently pled one or more or the elements of §§ 523(a)(2)(A) and 523(a)(4), so as to satisfy the second threshold factor of Rule 60(b).

12

## 2.  Preclusion on the merits

Even were the Plaintiff's claims well-pled, the Debtor additionally argues that, on the face of the claims, the Complaint appears to involve a dischargeable debt owed to a disgruntled creditor, impliedly suggesting that the Debtor would succeed in defending the claims at trial.  At the hearing, counsel for the Plaintiff asserted that *res judicata* prevented the Debtor from defending against the Plaintiff's claims in the adversary proceeding as a result of the default judgment entered in the Connecticut case.  Whether the Debtor is to be afforded the opportunity to defend against Plaintiff's claims rests with the preclusive effect, if any, of the default judgment that serves as the basis for Plaintiff's claims.

In this case, the default judgment in question was entered by a Connecticut court. The preclusive effect of state court judgments in subsequent federal lawsuits, such as the instant Connecticut judgment, is determined by the full faith and credit statute, providing that state court proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 373–74 (1985) (citations omitted) (quoting *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82 (1982)).  The Fourth Circuit has stated, "[f]ederal courts must give the same preclusive effect to a state court judgment as the forum that rendered the judgment would have given it."  *Sartin v. Macik*, 535 F.3d 284,

287 (4th Cir. 2008) (citing *Allen v. McCurry,* 449 U.S. 90, 96 (1980)); *Pahlavi v. Ansari (In re Ansari),* 113 F.3d 17, 19 (4th Cir.1997)).  Here, the Plaintiff obtained a default judgment in Connecticut, so the court must look to Connecticut law to determine its preclusive effect.

Connecticut courts observe the doctrine of collateral estoppel to "protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation."  *Gionfriddo v. Gartenhaus Cafe,* 546 A.2d 284, 290 (Conn. App. 1988), *aff'd,* 557 A.2d 540 (Conn. 1989).  Collateral estoppel prohibits parties from relitigating issues that have already been "actually litigated and necessarily determined in a prior action." *Aetna Cas. & Sur. Co. v. Jones*, 596 A.2d 414, 421 (Conn. 1991).  The Connecticut Supreme Court  explained:

> An issue is '*actually litigated*' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action.

*Dowling v. Finley Associates, Inc.*, 727 A.2d 1245, 1251 (Conn. 1999) (quoting *Jackson v. R.G. Whipple, Inc.*, 627 A.2d 374, 378 (Conn.1993)).  For collateral estoppel to apply and preclude rehearing an issue, the issue must have been (1) fully and fairly litigated in the first action, (2) the issue must have been actually decided in the first action, and (3) the

14

decision must have been necessary to the judgment in the first action.  *Id.* at 378

(quoting *Virgo v. Lyons*, 551 A.2d 1243 (Conn. 1988).

### a.  Fully and fairly litigated

As to whether the Plaintiff's claims have been fully and fairly litigated

prepetition, Connecticut courts have found that collateral estoppel can be applied to

judgments entered on default.  *Slattery v. Maykut*, 405 A.2d 76, 82 (Conn. 1978) (stating

that a judgment by a court with proper personal and subject matter jurisdiction

operates as *res judicata* even if obtained by default, and is as conclusive as a

determination on the merits at trial).  Connecticut courts have found that since default

judgments reduce entries of default—mere interlocutory rulings—into final judgments

that provide affirmative relief, default judgments are on the merits.  *Segretario v.*

*Stewart-Warner Corp.,* 519 A.2d 76, 78–79 (Conn. App. 1986) (quoting 1 E. STEPHENSON,

CONNECTICUT CIVIL PROCEDURE § 156(b), at 625–26 (2d ed. 1970 & Supp. 1982)); *see also*

*Bruno v. Geller*, 46 A.3d 974, 987 (Conn. App. 2012) ("Other final judgments, however,

whether rendered by dismissal, default or otherwise, generally are considered

judgments on the merits for purposes of res judicata.").

In the instant case, the Debtor appeared and answered the Connecticut

complaint, and default was only subsequently entered when the Debtor failed to

continue to defend against the Plaintiff's claims.  The Connecticut Supreme Court

considered a case where default was entered under similar circumstances:

> The defendant filed an appearance in the original action and was on notice
> of all proceedings in that case. He had an ample opportunity to assert any
> defenses but did not avail himself of that opportunity. His default for
> failure to plead is, therefore, "substantially similar to a judgment upon a
> contested action."

*Meinket v. Levinson*, 474 A.2d 454, 456 n. 5 (1984) (quoting RESTATEMENT (SECOND) OF

JUDGMENTS 5 INTRO. NOTE (AM. LAW. INST. 1982)).  Here, the Debtor had opportunity to

assert any defenses in the Connecticut lawsuit, but did not avail himself of the

opportunity, as was the case in *Meinket*.  Thus, under Connecticut law, the default

judgment may have preclusive effect.

### b.  Actually decided issues

In determining whether the judgment in fact precludes the current adversary

proceeding, a court must next determine whether the issues were actually decided in

the Connecticut lawsuit.  In the Plaintiff's Connecticut lawsuit, multiple counts were

alleged, and default was entered, but the court's order is ambiguous as to what grounds

default was entered.  The Connecticut Supreme Court has held, "Where there is more

than one possible reason for . . . [a judgment], and the court . . . cannot say that any one

is necessarily inherent in the [judgment], the doctrine of collateral estoppel is

inapplicable."  *Dowling v. Finley Assocs., Inc.,* 727 A.2d 1245, 1252 (Conn. 1999) (quoting

16

*United States v. Irvin,* 787 F.2d 1506, 1515–16 (11th Cir. 1986)); *see also Automated Salvage Transport Co. v. Swirsky (In re Swirsky,* 372 B.R. 551, 565 (Bankr. D. Conn. 2006). Here, there is more than one possible reason for the judgment. Docket No. 1, Exhibit B. The only claim on which judgment was affirmatively entered was the Connecticut Unfair Trade Practices Act ("CUTPA"). Conn. Gen. Stat. § 42–110b. Thus, CUTPA is the only ground that might prove preclusive.[1]

Section 42–110b provides, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42–110b. A violation of CUTPA may be established either by showing an actual unfair or deceptive practice, or by showing a practice to violate public policy. *Web Press Servs. Corp. v. New London Motors, Inc.,* 525 A.2d 57, 64 (Conn. 1987). A practice is unfair if it meets one of three criteria:

> (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical,

---

[1] The damages in the Connecticut case, less Plaintiff's costs and interest, are awarded in two tranches, compensatory damages for amounts due on claims for $192,507.75, and punitive damages pursuant to CUTPA for $92,363.86 plus $31,561.25 in attorney fees as additional punitive damages. Docket No. 1, Exhibit A. Pursuant to *Dowling,* the claims on which the compensatory damages are awarded cannot be preclusive, as it is unclear on what grounds judgment was entered; the seven non-CUTPA claims require disparate elements, and the order makes no findings but for the default. In contrast, the punitive damages and attorney fees as additional punitive damages pursuant to CUTPA are recorded on the judgment separately, making CUTPA the only firmly established ground for the judgment.

oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . . .

*Conaway v. Prestia*, 464 A.2d 847, 852 (Conn. 1983) (quoting *FTC v. Sperry & Hutchinson Co.,* 405 U.S. 233, 244 n. 5. (1972)).  A plaintiff need not satisfy all three criteria, but rather need only meet one to a strong degree, or multiple criteria to lesser degrees.

*Cheshire Mortgage Serv., Inc. v. Montes*, 612 A.2d 1130, 1143–44 (Conn. 1992) (quoting Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures, 43 Fed.Reg. 59,614, 59,635 (Dec. 21, 1978) (to be codified at 16 CFR pt. 436)).  Alternatively, an act or practice is deceptive if it meets three elements: "[f]irst, there must be a representation, omission, or other practice likely to mislead consumers.  Second, the consumers must interpret the message reasonably under the circumstances.  Third, the misleading representation, omission, or practice must be material-that is, likely to affect consumer decisions or conduct."  *Caldor, Inc. v. Heslin,* 577 A.2d 1009, 1013 (Conn. 1990) (quoting *Figgie International, Inc.,* 107 F.T.C. 313, 374 (1986)).  As a claim under CUTPA can be decided under multiple criteria for unfair practices, and under entirely separate elements for deceptive practices, CUTPA cannot preclude the Debtor's ability to defend against Plaintiff's nondischargeability claims in the present proceeding, as it is unclear on what basis within CUTPA the Connecticut court granted its monetary award.  As such it is impossible to determine on what issues the Connecticut court must have actually decided, even if the decisions the Connecticut

18

court made were necessary to issuing the judgment.  Pursuant to the Connecticut Supreme Court's ruling in *Dowling*, this court cannot say that any one possible reason is necessarily inherent in the judgment.

### c.  Necessity

However, even were the Connecticut court's default judgment under CUTPA more clear, the Plaintiff's instant claims under §§ 523(a)(2)(A) and 523(a)(4) both require intent and reliance.   Wrongful intent is required for §523(a)(2)(A), even if the claim does not allege actual fraud.  *See Auton v. Smith (In re Smith)*, Case No. 14-17306, Adv. No. 14-00461, 2016 WL 3943710, *5 (Bankr. D. Md. July 14, 2016).  *See also Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016).  Neither reliance nor intent are requirements under CUTPA.  *See Associated Investment Co. Ltd. Partnership v. Williams Associates IV*, 645 A.2d 505 (Conn. 1994).  CUTPA does not require proof of intent to deceive, defraud, or to mislead.  *Id.* at 510; *see, e.g.*, *Web Press Services Corp. v. New London Motors, Inc.*, 525 A.2d 57 (Conn. 1987); *Sportsmen's Boating Corp. v. Hensley*, 474 A.2d 780 (Conn. 1984); *Hinchliffe v. American Motors Corp.*, 440 A.2d 810 (Conn.1981).  As key elements of § 523(a)(2)(A) are irrelevant to a determination under CUTPA, the default judgment cannot be preclusive as to the Plaintiff's first claim in this proceeding.

As for pleading under § 523(a)(4), a fiduciary capacity is required.  Here, the default judgment pursuant to CUTPA is not specific enough to conclude that a

fiduciary duty was found.  Thus, the Debtor is also not precluded from defending against the Plaintiff's § 523(a)(4) claim.

After consideration of the allegations made in the Complaint and the defenses raised by the Debtor in his verified Motion, including that the Complaint is not sufficiently well pled and that even if it were, the allegations as presently stated suggest that the Debtor could succeed in defending the claims on the merits at trial, the court concludes that the defenses set forth are sufficient to satisfy the second threshold factor of Rule 60(b).

### C.  UNFAIR PREJUDICE

Finally, to proceed under Rule 60(b), the Debtor must show that the Plaintiff would not be unfairly prejudiced if the default judgment is set aside.  The Plaintiff has neither argued nor provided evidence of unfair prejudice.  The Plaintiff's additional time and cost of adjudicating the matter on its merits, standing alone, do not constitute unfair prejudice. *See Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984).  Thus, the court finds that the Debtor has satisfied the threshold requirements of Rule 60(b), and will grant the Debtor's motion if it satisfies one or more substantive grounds for relief.

### IV.   GROUNDS FOR RELIEF

Having satisfied the threshold factors, the Debtor is entitled to relief under Rule 60(b) if one of the six grounds for relief is met:

**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not
have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released or discharged; it is based on
an earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

In his Motion, the Debtor relies on Rule 60(b)(4), that the judgment is void by

reason of improper service, as well as Rule 60(b)(6).  Rule 60(b)(4) is concerned with

proper service in instances where personal jurisdiction has not yet been established, as

the Fourth Circuit has noted "[a judgment] is void only if the court that rendered it

lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner

inconsistent with due process of law."  *Schwartz v. U.S.*, 976 F.3d 213,217 (4th Cir. 1992)

(quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 2862 (1973)).  The Plaintiff argues that subsection (b)(4) is not applicable in

the instant case because the court clearly has both subject matter and personal

jurisdiction over the Debtor.  The court need not reach a determination on the

applicability of Rule 60(b)(4) to the instant case as the court finds it appropriate to grant

the Debtor relief under subsection (b)(6).

Rule 7004(b)(1) provides that service may be made within the United States by

first class mail postage prepaid "[u]pon an individual other than an infant or

21

incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Not one of the three addresses at which the Plaintiff attempted to serve the Complaint, the summons, and reissued summons on the Debtor by first class mail satisfies the requirement of Rule 7004. The record clearly establishes that the Connecticut Property was not the Debtor's usual place of dwelling or abode, as he last lived there in November 2014. Clearly, a post office box does not qualify as a dwelling or abode, and the 250 Sugar Gum Lane Property does not receive United States mail service.

In addition, there is no evidence that Debtor was attempting to avoid service. In fact, the parties do not dispute that the Debtor provided his previous attorney with updated contact information in Massachusetts.[2] At the hearing, counsel for the Plaintiff argued that the Debtor was only visiting his mother in Massachusetts to avoid service, indicating that while the Debtor's Post Office Box had been closed, the Debtor had left no forwarding address with the post office.[3] Whether the Debtor had actually established residency in Massachusetts or was merely in the state for an extended

_____

[2] There is no indication on the record as to whether Mr. McCrann initially received a copy of the Complaint, and he does not represent the Debtor in this adversary proceeding.
[3] There is no evidence or documentation to support the Plaintiff's claim that the Debtor was staying with his mother in Massachusetts to avoid service. Counsel for the Plaintiff disclosed at the hearing that he was aware that the Debtor had actually closed the Post Office Box. Regardless of the Debtor's intent, it is worrisome that the Plaintiff ever requested default based on service at a post office box.

period of time is of no consequence.  Even if the Debtor had continued to reside at the

250 Sugar Gum Lane Property throughout the relevant time period, the Plaintiff's

method of service was improper and ineffective given that first class United States mail

service is not available at that address. Moreover, it appears that the Plaintiff did not

mail the Complaint, summons, and reissued summons to an address at which the

Debtor could actually receive them, depriving the Debtor of an opportunity to timely

answer or otherwise respond. Therefore, this court holds that the Debtor has shown

grounds exist under Rule 60(b)(6) and will vacate the Default Judgment.

## V.    RULE 55(c)

Having vacated the default judgment pursuant to Rule 60(b), good cause exists

under Rule 55 to set aside entry of default.  The Fourth Circuit determines "good cause"

under Rule 55 using the following factors, "(1) whether the moving party has a

meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal

responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is

a history of dilatory action, and (6) the availability of sanctions less drastic."  *Baker v.*

*Durham Cty. S.W.A.T. Team*, No. 1:14CV878, 2016 WL 2621972, *2 (M.D.N.C. May 5,

2016) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006)).  In

the instant case, there is a meritorious defense, the Motion to Vacate was filed within

weeks of judgment being entered, and the defaulting party was not served pursuant to

23

Rule 7004;  moreover, the Complaint, summons, and reissued summons were mailed only to undeliverable or stale addresses.  Further, the Debtor has no history of dilatory action in this adversary proceeding and there is no prejudice to the Plaintiff for having to litigate on the merits.  Finally, there are no sanctions less drastic, as either the default judgment stands and the Plaintiff's claim is adjudicated nondischargeable, or default is vacated and the parties are left to try the claims.

## VI.   CONCLUSION

Thus, consistent with constitutional principles of due process, as well as the Fourth Circuit's more liberal application of Rule 60(b) when a default judgment is at issue, with any doubts resolved in favor of setting aside the default so that the case may be heard on the merits, and in this court's discretion, the court shall vacate the default judgment and set aside the entry of default.  A separate order shall be entered consistent with this memorandum opinion.

[END OF DOCUMENT]

PARTIES TO BE SERVED

Ferguson vs. Zering
Adv. Proceeding No. 16-9003

Kelli Ferguson
63 Carmen Hill Rd.
Brookfield, CT 06804

Samantha Brumbaugh
Ivey McClellan Gatton & Siegmund, LLP
P.O. Box 3324
Greensboro, NC 27402

Joseph Edward Zering
222 Sackatt Rd.
Westfield, MA 01085-4022

John M. Sperati
Smith Debnam Narron Drake Saintsing & Myers, LLP
P.O. Box 26268
Raleigh, NC 27611

William P. Miller
Bankruptcy Administrator
101 South Edgeworth St.
Greensboro, NC 27401